IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMARRIS LATUAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 320-057 |
| ) | |
| JACOB BEASLEY and JORDAN WICKER, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**
_____

Plaintiff, incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. On October 1, 2020, the Court directed Plaintiff to pay an initial partial filing fee of $5.50 within thirty days of the date of the Order and advised him that all prisoners, even those proceeding *in forma pauperis*, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). On November 4, when Plaintiff did not respond to the October 1st Order, the Court provided Plaintiff an additional fourteen days to pay an initial partial filing fee of $5.50 or inform the Court why he has not complied with the Order directing the payment. (Doc. no. 8.) In a letter mailed to the Court, Plaintiff explained he was not receiving mail in a timely fashion, although he does acknowledge receiving the Court's October 1st and November 4th Orders. (Doc. no. 10.) Plaintiff also states he paid a $70.00 fee on October 27, 2020, however the nature of that fee is unclear, and the Court has not received Plaintiff's initial filing fee. (Id.) Nevertheless, Plaintiff shall have another opportunity to pay his initial partial filing fee.

Under the Prison Litigation Reform Act ("PLRA"), prisoners granted *in forma pauperis*

status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C. § 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Thus, Plaintiff shall have fourteen days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Court's Order directing payment of an initial filing fee of $5.50 or by showing the Court why he has not complied with the Order directing the payment. The **CLERK** is **DIRECTED** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff.

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g). It is important that Plaintiff communicate with the Court.

Finally, "if a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). It may not be requested in a personal letter. Id. Thus, should Plaintiff seek any future relief from this Court, he must file a properly captioned motion. He may not simply write letters to the Clerk of Court as he did here. (See doc. no. 9.) In the

future, the Court will direct the Clerk to return Plaintiff's letters without docketing them.

SO ORDERED this 24th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA