IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMARRIS LATUAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-057 |
| | ) | |
| JACOB BEASLEY and JORDAN WICKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.   BACKGROUND

Plaintiff names as Defendants Jacob Beasley and Jordan Wicker. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Prison officials placed TSP on lockdown in June 2020 following a death at the prison. (Id. at 5.) During the lockdown, Plaintiff was placed in Dorm C2 Room 118. (Id.) The prison lockdown was lifted for two days before being reinstated. (Id.) Throughout the lockdowns, the prison was understaffed, often leaving the control room and floor of Dorm C2 unmanned. (Id.) Due to the understaffing, inmates let

other inmates out of their cells, sometimes staying out all day and night. (Id.) Defendants Beasley and Wicker came to the dorm on several occasions to lock it down and return inmates to their cells. (Id.)

On June 28, 2020, the door to Plaintiff's cell and other cells were open. (Id. at 6.) Plaintiff exited his cell and observed no officers in the control room or on the floor. (Id.) Shortly thereafter, inmates stabbed Plaintiff twelve times, causing several wounds to his neck and back. (Id.) Plaintiff sat in the dorm bleeding for fifteen to twenty minutes before prison officers found Plaintiff and took him to the medical unit. (Id.) Plaintiff was hospitalized for the stab wounds. (Id.) Upon release from the hospital, Plaintiff returned to TSP and was placed in Dorm F1. (Id.) On August 7, 2020, one month after his return, prison officials placed Plaintiff on Tier II segregation, in an attempt to cover up the stabbing and their failure to protect Plaintiff. (Id.)

Plaintiff filed several formal and informal complaints. (Id. at 3.) Plaintiff appealed at least one complaint to the warden and to inmate affairs. (Id. at 4.) Plaintiff's other complaints have gone unanswered, received minimal response, or have not been filed. (Id. at 3-4.) For relief, Plaintiff requests a transfer and monetary damages. (Id. at 7.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to Establish a Due Process Violation Claim

Plaintiff asserts his placement in Tier II segregation is unjustified and requests intervention by the Court. (Doc. no. 1, pp. 6-7.) Plaintiff's assertion fails to state a claim upon which relief can be granted because, as explained below, he has not established a constitutionally protected liberty or property interest to make out a procedural due process claim. To state a claim, "a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Cir. 2018) (citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiff clearly establishes state action, thus the Court turns to the remaining two elements.

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison). However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation: the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995).

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), *modified on other grounds*, Sandin, 515 U.S. at 481)); see also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause

4

does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)). Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), *adopted by*, 2017 WL 343638 (M.D. Ga. Jan. 23, 2017).

To meet this pleading requirement, Plaintiff "must state or allege *facts* to show an 'atypical and significant hardship.'" Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015). Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief. See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5.

Plaintiff has not provided any information about conditions of confinement in Tier II, let alone how those conditions pose an "atypical and significant hardship" on him. In fact, the conditions about which Plaintiff complains concern his general population unit, not his Tier II placement. (Doc. no. 1, p. 5.) Plaintiff only alleges he was placed in Tier II and does not mention how those conditions differ from general population or affect the duration of his sentence. Therefore, Plaintiff fails to state a procedural Due Process claim against any Defendant for being placed in Tier II.

Although Plaintiff complains about the procedure by which he was placed in the Tier II Program, he does not appear to allege a substantive Due Process claim. However, in an

5

abundance of caution, the Court will address any such potential claim. As with his procedural Due Process claim, Plaintiff must first establish an atypical and significant hardship implicating a constitutionally protected liberty interest in order to state a substantive Due Process claim based on prison conditions. See Smith v. Deemer, 641 F. App'x 865, 868-69 (11th Cir. 2016) (holding prisoner plaintiff failed to state substantive and procedural due process claims regarding conditions of confinement because he did not allege facts sufficient to establish constitutionally protected liberty interest); Hill, 2016 WL 7972197, at *7 (same).

As discussed in detail above, Plaintiff has not alleged conditions in the Tier II Program constitute an atypical and significant hardship or lengthen the duration of his sentence, and thus no constitutionally protected liberty interest is implicated. Accordingly, Plaintiff fails to state either a substantive or procedural Due Process claim.

### C.    Plaintiff Fails to State a Valid Failure to Protect Claim

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

>As the Eleventh Circuit explained,
>
>When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal citations and quotations omitted).

Plaintiff alleges Defendants Beasley and Wicker failed to protect him from the inmates who stabbed him because they were aware inmates would occasionally leave their cells. (Doc. no. 1, p. 5.) Plaintiff asserts on multiple occasions Defendants Beasley and Wicker visited Plaintiff's dorm to lock improperly opened doors of inmates' cells. (Id.) Plaintiff contends these facts support a failure to protect claim under the Eighth Amendment, as Defendants knew inmates had to be returned to their cells previously. Plaintiff's allegations fail to establish any Defendant was deliberately indifferent to a substantial risk of serious harm or were aware Plaintiff was at substantial risk of attack. In fact, Plaintiff states Defendants made rounds to lock inmates' cells and placed the dorm on lockdown. Plaintiff does not state any previous attacks or threats being made to him, or any awareness by Defendants of any such attacks or threats. Thus, these allegations fail to establish the existence of a particularized threat of an inmate attack on Plaintiff which Defendants should have been aware of, yet unreasonably disregarded.

Notably, Plaintiff's primary complaint appears to be understaffing of the prison, but he does not claim that either Defendant has any responsibility for staffing decisions. Nor could he, it appears, because both officers appear to be line officers with no supervisory or policymaking authority concerning matters such as prison staffing and budgeting.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be

**DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 26th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA